UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY C LUSTIG,<br><br>Plaintiff,<br><br>v.<br><br>AZGEN SCIENTIFIC HOLDINGS PLC,<br><br>Defendant. | Case No. 18-cv-07503-HSG<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT**<br><br>Re: Dkt. No. 15 |

Pending before the Court is a motion to withdraw as counsel by Duane Morris, LLP ("Duane Morris"), attorney for Defendant AzGen Scientific Holdings Plc ("AzGen"). Dkt. No. 15. The motion came on for hearing on March 21, 2019. For the reasons set forth below, the motion is **GRANTED** subject to the conditions discussed below.

**I.  DISCUSSION**

Duane Morris seeks to withdraw as counsel for AzGen on the basis that AzGen has become insolvent and is unable to compensate Duane Morris for services rendered, in accordance with the terms of their engagement agreement. Dkt. No. 15 at 1.

In this district, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). Moreover, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).

Withdrawal is also governed by the California Rules of Professional Conduct. *See j2*

*Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009)). Under these rules, permissive withdrawal may be granted only by leave of the Court. CA ST RPC, Rule 3-700(A)(1). The rules provide for permissive withdrawal on various grounds, including when "[t]he client . . . breaches an agreement or obligation to the member as to expenses or fees." *Id.*, Rule 3-700(C)(1). But an attorney may not withdraw before he or she "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." *Id.*, Rule 3-700(A)(2); *see also id.*, Rule 3-700(D) (regarding the refund of fees and the release of property and papers).

More broadly, courts assessing a motion to withdraw engage in a balancing of the equities, considering such factors as why counsel seeks to withdraw and whether permitting withdrawal may prejudice other litigants, harm the administration of justice, or delay the case's resolution. *See Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing cases).

Here, Duane Morris' request to withdraw satisfies the applicable local rules. The client does not oppose the motion, and neither does Plaintiff. Dkt. No. 16, Declaration of Luis Siemens ("Siemens Declaration" or "Siemens Decl.")[1] ¶ 3; Dkt. No. 19 at 2. Duane Morris informed AzGen that it was withdrawing as counsel on March 5, 2019. Siemens Decl. ¶ 3. The next deadline in this action is the filing of the parties' case management statement, due on April 9, 2019, which gave AzGen a little over a month to find substitute counsel. *See* Dkt. No. 14. The filing of the motion was also permitted by the California Rules of Professional Conduct. In balancing the equities, the Court finds that withdrawal is just, while imposing certain conditions described below.

AzGen, as a business entity, may appear in federal court only through counsel. *See In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam); Civ. L.R. 3-9(b). Consequently,

---

[1] The declaration of Luis Simens, Executive Director at AzGen, was filed on March 13, 2019, in support of Duane Morris' motion to withdraw as counsel. Dkt. No. 16.

AzGen must obtain new counsel within 30 days of this Order. During this period, the Court directs Duane Morris to accept service of papers for forwarding to AzGen unless and until AzGen appears by other counsel. *See* Civil L.R. 11-5(b). Duane Morris must also notify AzGen of this condition. *See id.* Because AzGen is an Irish corporation with its principal place of business in Ireland, Duane Morris requests that it be allowed to electronically forward AzGen papers served. *See* Dkt. No. 19 at 2; Dkt. No. 21 at 1. The Court finds this reasonable. Duane Morris is directed to forward all papers to AzGen electronically and also to serve papers to AzGen by FedEx under Federal Rule of Civil Procedure 5(b)(2)(c). If an alternative means of service is agreed upon between AzGen and Duane Morris, a written consent must be filed with the Court.

If AzGen is unable to obtain counsel within 30 days, the Court will be inclined to allow Plaintiff's counsel to seek entry of a default and a default judgment. *See Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (affirming entry of a default judgment where the corporate defendant had failed to obtain substitute counsel); *see also U.S. v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (same); *Baeza v. Assisted Credit Servs., Inc.*, No. 8:15-cv-01451-ODW (JCG), 2016 WL 3912016, at *2–4 (C.D. Cal. July 19, 2016).

## II. CONCLUSION

Accordingly, Duane Morris' motion to withdraw as counsel for Defendant is **GRANTED**, subject to the foregoing conditions.

**IT IS SO ORDERED.**

Dated: 3/22/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge