E. Jeffrey Banchero (SBN 93077)
*ejb@bancherolaw.com*
BANCHERO LAW FIRM LLP
601 California Street, 13th Floor
San Francisco, California 94108
Telephone: (415) 398-7000
Facsimile: (415) 484-7029

Attorneys for Plaintiff
ANTHONY C. LUSTIG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY C. LUSTIG,<br><br>  Plaintiff,<br><br>  v.<br><br>AZGEN SCIENTIFIC HOLDINGS PLC,<br><br>  Defendant. | CASE NO. 18-CV-07503-HSG<br><br>**DECLARATION OF E. JEFFREY BANCHERO IN SUPPORT OF PLAINTIFF'S REQUEST TO ENTER DEFAULT**<br><br>(Before the Hon. Haywood S. Gilliam, Jr.) |

I, E. Jeffrey Banchero, declare:

1. I am counsel for plaintiff in this action. I have first-hand knowledge of the facts in this declaration. If called as a witness, I could and would testify competently to these facts.

2. On January 10, 2019, I sent a letter to Michael Walshe of Kennedys, a law firm in Dublin, Ireland, enclosing the First Amended Complaint in this matter, the Summons, a Notice of Lawsuit, a Request to Waive Service of Summons, and related case materials. A copy of the letter is attached hereto as Exhibit A. Mr. Walshe had previously sent a letter to the plaintiff in June, 2018, in which he identified himself as a lawyer representing the defendant, AzGen Scientific Holdings PLC.

-1-
Decl. of E. Jeffrey Banchero in Supp. of Req. to Enter Default   18-CV-07503-HSG

3. On January 23, 2019, I received a letter from James S. Brown, Duane Morris LLP, in which he referred to defendant as "my client." Mr. Brown enclosed the signed Waiver of the Service of Summons, which Mr. Brown had signed on defendant's behalf. Mr. Brown's letter is attached hereto as Exhibit B. On January 23, 2019, our office filed the Waiver of the Service of Summons with the Court.

4. On March 13, 2019, Mr. Brown filed a motion with the Court to withdraw as defendant's counsel.

5. On March 22, 2019, the Court issued an Order Granting Motion to Withdraw as Counsel for Defendant. A copy of the order is attached hereto as Exhibit C. On page 3, lines 10-11, the order provides that, "If AzGen is unable to obtain counsel within 30 days, the Court will be inclined to allow Plaintiff's counsel to seek entry of a default and a default judgment."

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 23, 2019.

/S/
E. Jeffrey Banchero

Exhibit A



# BANCHERO
## LAW FIRM LLP

601 CALIFORNIA STREET, SUITE 1300
SAN FRANCISCO, CALIFORNIA  94108

January 10, 2019

Michael Walshe, Esq.
Kennedys
Bloodstone Building
Sir John Rogerson's Quay
Dublin D02 KF24
Ireland
*michael.walshe@kennedyslaw.com*

      Re:    Anthony C. Lustig v. AzGen Scientific Holdings Plc
              U.S. District Court, Northern District of California (No. 18-cv-07503-HSG)

Dear Mr. Walshe,

      We have filed suit on Tony Lustig's behalf against your client, AzGen Scientific Holdings Plc ("AzGen"). I attach a copy of the First Amended Complaint, the Summons in a Civil Action, and additional materials relating to the case. These materials include a Notice of a Lawsuit and Request to Waive Service of a Summons. If you are agreeable to accepting service on AzGen's behalf, sign the Waiver of the Service of Summons, also enclosed, and return the document to our offices. If we do not receive the executed waiver on or before January 22, 2019, we will conclude that you have not been authorized to accept service of process on AzGen's behalf, and we will proceed accordingly.

                                              Very truly yours,

                                              E. Jeffrey Banchero

Exhibit B

NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
LOS ANGELES
TAIWAN
BOSTON
HOUSTON
AUSTIN
HANOI
HO CHI MINH CITY

# Duane Morris®

*FIRM and AFFILIATE OFFICES*

JAMES S. BROWN
DIRECT DIAL: +1 415 957 3090
PERSONAL FAX: +1 415 723 7365
E-MAIL: JamesBrown@duanemorris.com

*www.duanemorris.com*

SHANGHAI
ATLANTA
BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
*A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS*

ALLIANCES IN MEXICO
AND SRI LANKA

January 22, 2019

*Via Regular Mail*

E. Jeffrey Banchero
Banchero Law Firm LLP
601 California Street, Suite 1300
San Francisco, CA 94108

Re:   ***Anthony C. Lustig v. AzGen Scientific Holdings Plc***
      USDC, Northern District of California, Case No. 18-cv-07503-HSG

Dear Mr. Banchero:

Enclosed please find the signed Waiver of the Service of Summons, executed on behalf of my client Defendant AzGen Scientific Holdings Plc, in the above-entitled matter.

Very truly yours,

DUANE MORRIS LLP

James S. Brown

Enclosure

DUANE MORRIS LLP

SPEAR TOWER, ONE MARKET PLAZA, SUITE 2200          PHONE: +1 415 957 3000   FAX: +1 415 957 3001
SAN FRANCISCO, CA  94105-1127
DM2\9594510.1

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| Anthony C. Lustig | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 4:18-cv-07503-HSG |
| AzGen Scientific Holdings PLC | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: E. Jeffrey Banchero
 *(Name of the plaintiff's attorney or unrepresented plaintiff)*

 I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

 I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

 I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

 I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 01/10/2019, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 01/22/2019

*Signature of the attorney or unrepresented party*

**AzGen Scientific Holdings Plc**
*Printed name of party waiving service of summons*

James S. Brown
*Printed name*
Duane Morris LLP
Spear Tower, One Market Plaza, Suite 2200
San Francisco, CA 94105-1127
*Address*

JamesBrown@duanemorris.com
*E-mail address*

415.957.3090
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

 Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

 "Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

 If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

 If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

Exhibit C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY C LUSTIG,<br><br>Plaintiff,<br><br>v.<br><br>AZGEN SCIENTIFIC HOLDINGS PLC,<br><br>Defendant. | Case No. 18-cv-07503-HSG<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT**<br><br>Re: Dkt. No. 15 |

Pending before the Court is a motion to withdraw as counsel by Duane Morris, LLP ("Duane Morris"), attorney for Defendant AzGen Scientific Holdings Plc ("AzGen"). Dkt. No. 15. The motion came on for hearing on March 21, 2019. For the reasons set forth below, the motion is **GRANTED** subject to the conditions discussed below.

**I.    DISCUSSION**

Duane Morris seeks to withdraw as counsel for AzGen on the basis that AzGen has become insolvent and is unable to compensate Duane Morris for services rendered, in accordance with the terms of their engagement agreement. Dkt. No. 15 at 1.

In this district, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). Moreover, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).

Withdrawal is also governed by the California Rules of Professional Conduct. *See j2*

Case 4:18-cv-07503-HSG Document 33-1 Filed 04/23/19 Page 10 of 11
Case 4:18-cv-07503-HSG Document 26 Filed 03/22/19 Page 2 of 3

*Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009)). Under these rules, permissive withdrawal may be granted only by leave of the Court. CA ST RPC, Rule 3-700(A)(1). The rules provide for permissive withdrawal on various grounds, including when "[t]he client . . . breaches an agreement or obligation to the member as to expenses or fees." *Id.*, Rule 3-700(C)(1). But an attorney may not withdraw before he or she "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D), and complying with applicable laws and rules." *Id.*, Rule 3-700(A)(2); *see also id.*, Rule 3-700(D) (regarding the refund of fees and the release of property and papers).

More broadly, courts assessing a motion to withdraw engage in a balancing of the equities, considering such factors as why counsel seeks to withdraw and whether permitting withdrawal may prejudice other litigants, harm the administration of justice, or delay the case's resolution. *See Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing cases).

Here, Duane Morris' request to withdraw satisfies the applicable local rules. The client does not oppose the motion, and neither does Plaintiff. Dkt. No. 16, Declaration of Luis Siemens ("Siemens Declaration" or "Siemens Decl.")[1] ¶ 3; Dkt. No. 19 at 2. Duane Morris informed AzGen that it was withdrawing as counsel on March 5, 2019. Siemens Decl. ¶ 3. The next deadline in this action is the filing of the parties' case management statement, due on April 9, 2019, which gave AzGen a little over a month to find substitute counsel. *See* Dkt. No. 14. The filing of the motion was also permitted by the California Rules of Professional Conduct. In balancing the equities, the Court finds that withdrawal is just, while imposing certain conditions described below.

AzGen, as a business entity, may appear in federal court only through counsel. *See In re Am. W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (per curiam); Civ. L.R. 3-9(b). Consequently,

---

[1] The declaration of Luis Simens, Executive Director at AzGen, was filed on March 13, 2019, in support of Duane Morris' motion to withdraw as counsel. Dkt. No. 16.

AzGen must obtain new counsel within 30 days of this Order. During this period, the Court directs Duane Morris to accept service of papers for forwarding to AzGen unless and until AzGen appears by other counsel. *See* Civil L.R. 11-5(b). Duane Morris must also notify AzGen of this condition. *See id.* Because AzGen is an Irish corporation with its principal place of business in Ireland, Duane Morris requests that it be allowed to electronically forward AzGen papers served. *See* Dkt. No. 19 at 2; Dkt. No. 21 at 1. The Court finds this reasonable. Duane Morris is directed to forward all papers to AzGen electronically and also to serve papers to AzGen by FedEx under Federal Rule of Civil Procedure 5(b)(2)(c). If an alternative means of service is agreed upon between AzGen and Duane Morris, a written consent must be filed with the Court.

If AzGen is unable to obtain counsel within 30 days, the Court will be inclined to allow Plaintiff's counsel to seek entry of a default and a default judgment. *See Emp. Painters' Trust v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (affirming entry of a default judgment where the corporate defendant had failed to obtain substitute counsel); *see also U.S. v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (same); *Baeza v. Assisted Credit Servs., Inc.*, No. 8:15-cv-01451-ODW (JCG), 2016 WL 3912016, at *2–4 (C.D. Cal. July 19, 2016).

## II. CONCLUSION

Accordingly, Duane Morris' motion to withdraw as counsel for Defendant is **GRANTED**, subject to the foregoing conditions.

**IT IS SO ORDERED.**

Dated: 3/22/2019

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge