E. Jeffrey Banchero (SBN 93077)
*ejb@bancherolaw.com*
BANCHERO LAW FIRM LLP
601 California Street, 13th Floor
San Francisco, California 94111
Telephone: (415) 398-7000
Facsimile: (415) 484-7029

Attorneys for Plaintiff
ANTHONY C. LUSTIG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY C. LUSTIG,<br><br>    Plaintiff,<br><br>    v.<br><br>AZGEN SCIENTIFIC HOLDINGS PLC,<br><br>    Defendant. | CASE NO. 18-CV-07503-HSG<br><br>**PLAINTIFF'S STATEMENT RE: TELEPHONIC CONFERENCE RE DOCKET NOS. 36 AND 37**<br><br>Judge:             Haywood S. Gilliam, Jr.<br><br>Conference Date:   3:00 P.M. July 24, 2019 |

Plaintiff, Anthony C. Lustig ("Lustig"), provides the following statement in aid of the Court's request for a telephonic conference re: Docket Nos. 36 & 37.

**Docket No. 36.**  Docket No. 36 is entitled Notice of Inability to Comply with Court Order re Forwarding Documents to Defendant.  Duane Morris LLP, former counsel of defendant, AzGen Scientific Holdings PLC ("AzGen"), filed the Notice.  The Notice of Inability to Comply is not a notice of motion under Fed. R. Civ. P. 7 or Local Rule 7-11.

On March 13, 2019, Duane Morris LLP moved to withdraw as counsel for AzGen.   The Court granted Duane Morris permission to withdraw, but conditioned the firm's withdrawal as follows:

-1-
Plaintiff's Statement Re: Telephonic Conference    18-CV-07503-HSG

> "AzGen must obtain new counsel within 30 days of this Order. During this period, the Court directs Duane Morris to accept service of papers for forwarding to AzGen unless and until AzGen appears by other counsel. *See* Civil L.R. 11-5 (b). Duane Morris must notify AzGen of this condition. *See id.* Because AzGen is an Irish corporation with its principal place of business in Ireland, Duane Morris requests that it be allowed to electronically forward AzGen papers served. *See* Dkt. No. 19 at 2; Dkt. No. 21 at 1. The Court finds this reasonable. Duane Morris is directed to forward all papers to AzGen electronically and also to serve papers to AzGen by FedEx under Federal Rule of Civil Procedure 5 (b)(2)(c). If an alternative means of service is agreed upon between AzGen and Duane Morris, a written consent must be filed with the Court."

(Order of Ct., dated 3/22/19, p. 3)[1]

On April 25, 2019, the Court entered an order "directing Duane Morris LLP to continue accepting service of papers for forwarding electronically to Defendant AzGen until otherwise ordered. Duane Morris need not continue sending papers to AzGen via FedEx." (Order of Ct., dated 4/25/19.)

On June 12, 2019, Duane Morris filed a Notice of Inability to Comply with Court Order Re Forwarding Documents to Defendant. In the Notice, Duane Morris represents that it received a "bounce back notification" from a "general electronic mail address" for AzGen, and on this ground requests that "the requirement in the April 25, 2019 minute order of electronic forwarding be discontinued." (Notice of Inability to Comply with Court Order Re Forwarding Documents to Defendant, dated 6/12/19, p. 2.)

Plaintiff respectfully urges the Court to deny Duane Morris the relief it seeks, because the relief would, in effect, rescind the condition on which the Court premised its order granting Duane Morris permission to withdraw as AzGen's counsel—*i.e.*, that Duane Morris continue to accept service of papers for forwarding to AzGen.

---

[1] Civil Local Rule 11-5(b), "Conditional Withdrawal," provides, "When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel forwarding papers, unless and until the client appears by other counsel or pro se."

The Court's March 22 order required Duane Morris to forward papers to AzGen "electronically" and "by FedEx under Federal Rule of Civil Procedure 5(b)(2)(c)." The Court's April 25 order reaffirmed Duane Morris's obligation to continue accepting service of papers for forwarding to AzGen. It merely eliminated the requirement that Duane Morris do so by both methods; *i.e.,* the order states "Duane Morris need not continue sending papers to AzGen via FedEx."

If a Duane Morris e-mail message "bounced back," as it asserts, it does not follow that the law firm should be relieved of its obligation to continue to accept service of papers for forwarding. As the Court noted in its March 22 order, AzGen is an Irish corporation with its principal place of business in Ireland. Plaintiff would be prejudiced, and the efficient administration of justice in this Court would be harmed, if plaintiff were required to serve pleadings and other papers in this case by mailing them overseas, or by being forced to invoke the onerous service requirements of the Hague Convention. *See generally Irwin v. Mascott,* No. C 97-4737, 2004 U.S. Dist. LEXIS 28264, at #4 (N.D. Cal. Dec. 1, 2004).

If Duane Morris can no longer send papers to an AzGen e-mail address, then the Court should, at a minimum, reinstate the requirement that Duane Morris accept service of papers for forwarding to AzGen by FedEx pursuant to Federal Rule of Civil Procedure 5(b)(2)(c)—as the March 22 order originally provided for.

Simply put, Duane Morris should not be allowed to circumvent the Court's March 22 order, or the terms and spirit of Local Rule 11-5(b), because an e-mail it sent to an AzGen e-mail address "bounced back." There is nothing in the "Notice of Inability to Comply" to suggest that AzGen's business address, other mailing addresses the corporation uses, its Irish agent for service of process, or, indeed, other officers or individuals associated with AzGen, cannot accept papers under Fed. R. Civ. P. 5(b)(2)(C). Nor does the "Notice of Inability to Comply" suggest that AzGen's founders and officers cannot be reached by telephone.

For all the foregoing reasons, plaintiff, Anthony C. Lustig, respectfully requests that the Court deny the relief Duane Morris seeks, and that the Court reaffirm the condition imposed on

-3-
Plaintiff's Statement Re: Telephonic Conference    18-CV-07503-HSG

Duane Morris in the Court's March 22 order—*i.e*, that Duane Morris continue to accept service of papers in this case for forwarding to the defendant, AzGen.

**Docket No. 37.**  Docket No. 37 is Plaintiff's Administrative Motion for Entry of Protective Order, which plaintiff filed on June 19, 2019.  For the reasons stated in the motion, plaintiff respectfully request that the Court grant the motion and issue the protective order.

Dated: July 24, 2019                              /S/

                                          E. Jeffrey Banchero

                                          Attorney for Plaintiff
                                          Anthony C. Lustig

<u>Proof of Service</u>

At the time of service I was over 18 years old and not a party to this action. My business address is 601 California Street, Suite 1300, San Francisco, California 94108. On the date set forth below, I served a true copy of the following documents:

**PLAINTIFF'S STATEMENT RE: TELEPHONIC CONFERENCE RE DOCKET NOS. 36 AND 37**

I served the documents, as follows:

X  (BY ELECTRONIC TRANSMISSION) by transmitting the foregoing document(s) by e-mail to the party(ies) identified below by using the email address(es) as indicated

| | |
|---|---|
| James S. Brown | JamesBrown@duanemorris.com |
| Anjali Kulkarni | akulkarni@duanemorris.com |
| Duane Morris LLP | |
| One Market Plaza, Suite 2200 | |
| San Francisco, CA 94105-1127 | |

For forwarding to AzGen Scientific Holdings, pursuant to court orders dated March 22, 2019 and April 25, 2019.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed in San Francisco, California on July 24, 2019.

_/s/ Mary Bryan_
Mary Bryan

PROOF OF SERVICE
18-CV-07503-HSG